UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DELLA SMITH BISHOP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV397 JCH |
| ) | |
| DALE JESSUP, INC., and ) | |
| EDWARD CALDWELL ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Della Smith Bishop's Motion in Limine. (Doc. No. 26). This case is for damages resulting from an automobile accident between Bishop and Defendant Edward Caldwell, an employee of Defendant Dale Jessup, Inc. Bishop asks the Court to exclude evidence of property damage to her car. For the reasons stated below, the Court denies her motion.

## BACKGROUND

On January 21, 2000, Caldwell, driving a semi-truck, hit Bishop's vehicle from behind on an interstate in the city of St. Louis.[1] Bishop filed her original petition in the Circuit Court for the City of St. Louis. (Notice of Removal, Doc. No. 1, attached exh. 1 ("Complaint")). Defendants removed to this Court on the basis of diversity of citizenship. (Notice of Removal, Doc. No. 1). Bishop

---

[1] The fact of the collision is uncontested. Bishop also contends that "Caldwell in his deposition testimony admitted that he drove his semi-truck very close behind Plaintiff's vehicle, with bright lights and blowing his horn, and hit Plaintiff's vehicle in the [r]ear at 70-75 mph." But, because Bishop did not attach a transcript of Caldwell's deposition testimony, the Court does not consider this as admitted, nor would it change the outcome of this Order.

- 1 -

asserts that she suffered physical and emotional injuries, as well as lost wages, as a result of the accident. (Complaint ¶¶ 12-17). Her car, however, suffered very little external damage. Bishop filed her Motion in Limine to exclude evidence of property damage on January 26, 2006.

## **DISCUSSION**

Bishop argues that evidence, specifically photographs, of property damage to her car should be excluded for two reasons. First, because without expert testimony, there is no foundation to tie property damage to personal injury, and second, because the probative value is substantially outweighed by the danger of unfair prejudice.[2] She asserts that because the damage to her car is not extensive, the jury could be misled into assuming that she could not have sustained serious injuries.

Relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. "In weighing the probative value of evidence against the dangers and considerations enumerated in Rule 403, the general rule is that the balance should be struck in favor of admission." Block v. R.H. Macy & Co., Inc., 712 F.2d 1241, 1244 (8th Cir. 1983) (quoting United States v. Day, 591 F.2d 861, 878 (D.C. Cir.1978)) (internal quotations omitted).

Bishop urges the Court to follow[3] Davis v. Maute, in which the Supreme Court of Delaware held that, when the sole issue was the extent of personal injury, it could be reversible error for the

---

[2] Even though the case is in this Court based upon diversity jurisdiction, the Federal Rules of Evidence apply. See Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 885 (8th Cir. 2006) ("Federal Rules of Evidence govern the admissibility of evidence in [a negligence] action based upon diversity jurisdiction.")

[3] Neither the Eighth Circuit nor Missouri courts have ruled on this issue.

court to admit photographs of damage to the car without limiting instructions or expert testimony. Davis v. Maute, 770 A.2d 36, 42 (Del. 2001). The Davis court reasoned:

> As a general rule, a party in a personal injury case may not directly argue that the seriousness of personal injuries from a car accident correlates to the extent of the damage to the cars, unless the party can produce competent expert testimony on the issue. Absent such expert testimony, any inference by the jury that minimal damage to the plaintiff's car translates into minimal personal injuries to the plaintiff would necessarily amount to unguided speculation.

Davis, 770 A.2d at 40.[4] The Delaware court has since clarified its holding in Davis, pointing out that the dispositive fact in Davis was not the admission of the photographs but the defense counsel's "disingenuous reference to a 'fender bender'--after a trial judge's express ruling forbidding what that phrase implied." Eskin v. Carden, 842 A.2d 1222, 1233 (Del. 2004). The Eskin court states that the correct rule is that "absent facts that are supported by competent expert testimony, counsel may not directly argue to the finder of fact that there is a correlation between the extent of the damage to the vehicles involved in an accident and the cause or severity of personal injuries alleged from that accident." Eskin, 842 A.2d at 1226. Even with the clarification in Eskin, Davis is the minority approach. See Mason v. Lynch, 878 A.2d 588, 598-600 (Md. 2005) (reviewing decisions from other states, and holding that the trial court did not abuse its discretion in admitting photographs showing minimal property damage as well as allowing defense counsel to state in closing that the photographs support an inference that the plaintiff was not injured). And as Eskin also makes clear, the Delaware court ultimately left the decision to the discretion of the trial judge, as there "may be many helpful

---

[4] In a similar case, the Illinois Court of Appeals held that the trial court did not abuse its discretion when it excluded as irrelevant evidence of property damage to the vehicle in a suit for personal injury from an automobile accident. DiCosola v. Bowman, 794 N.E.2d 875, 881 (Ill. App. Ct. 2003). The court there was careful to point out, though, that it was not creating a bright line rule, only that "trial court here did not abuse its discretion because it cannot be said no reasonable person would take the position adopted by the trial court." DiCosola, 794 N.E.2d at 881 (internal quotations omitted).

purposes for admitting photographs of the vehicles involved in an accident where the case does not require supporting expert opinion." Eskin, 842 A.2d at 1233.

Bishop argues that the human body is complex, and that, without expert testimony, jurors would be forming medical opinions regarding the relationship between property damage and the extent of physical injury. She further asserts that evidence of property damage has no relevance to the personal injury claims, and that any probative value the evidence might have is substantially outweighed by the danger of unfair prejudice.

The Court disagrees that the photographs are not relevant. Even if there is not a perfect correlation between property damage and personal injury in automobile accidents, it does not mean that property damage is not relevant. See Mason, 878 A.2d at 600-601. See also Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). In addition, the Court holds that the photographs should not be excluded under Fed. R. Evid. 403. Evidence of property damage is probative of the extent of personal injury, and it is not even outweighed, let alone substantially outweighed, by any danger of unfair prejudice.

Evidence of property damage to Plaintiff's car may be admitted during trial.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Della Smith Bishop's Motion in Limine (Doc. No. 26) is **DENIED**.

Dated this 8th day of March, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE